IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-CR-2049-CJW |
| | ) | |
| vs. | ) | DEFENDANT'S |
| | ) | SENTENCING |
| AUSTIN KINGSBURY, | ) | BRIEF |
| | ) | |
| Defendant. | ) | |

_____

TABLE OF CONTENTS

I.  CREDIT FOR TIME SERVED WITH RESPECT TO PARAGRAPH 42/MOTION DOWNWARD VARIANCE....1

II.  18 U.S.C. § 3553(A) FACTORS...........................................6

III.  RESTITUTION................................................................7

I.  CREDIT FOR TIME SERVED WITH RESPECT TO PARAGRAPH 42/MOTION FOR DOWNWARD VARIANCE

Paragraph 42 of the PSIR reflects a conviction for Assault with Intent to Commit Sexual Abuse upon a minor. That is the same minor as T.K. who is identified in Paragraph 22 of the PSIR as a victim of the instant federal criminal offense.

1

Defendant objected to Paragraph 42 on the ground that the Court should make an adjustment to the federal sentence with respect to the sentence served pursuant to U.S.S.G. § 5G1.3(b)(1). Due to the November 1, 2025, amendments to the Guidelines, which took effect after Defendant's objections were filed, this issue is now addressed under 18 U.S.C. § 3553(a).

The new Comment 5 to U.S.S.G. § 5G.13, provides:

> This guideline does not address an adjustment of the sentence for the instant offense for a period of imprisonment already served on a discharged term of imprisonment. Nonetheless, nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3553(a) to consider a previously completed term of imprisonment in determining an appropriate sentence where subsection (b) above would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.

That language is in accord with former U.S.S.G. § 5K2.23, which no longer exists after revision of the Guidelines effective November 1, 2025, to eliminate departures. Former § 5K2.23 provided "A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . .

2

would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to serve a reasonable punishment for the instant offense."

Section 5G1.3(b) provides that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . the court shall adjust the sentence for any period of imprisonment already served," "if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Although § 5G1.3(b) applies to undischarged terms of imprisonment, as noted above Comment 5 addresses discharged terms of imprisonment. Defendant has discharged the state term of imprisonment with respect to the offense set forth in Paragraph 42.

The Probation Officer concluded that the conviction in Paragraph 42 is not relevant conduct to the defendant's offense of conviction. That is inconsistent with identifying T.K. as a victim of the federal offense in Paragraph 22 as well as with assessing a five level upward adjustment for the conduct underlying the state conviction in Paragraph 30.

3

Most significantly, Paragraph 30 of the PSIR applies a five level increase for a pattern of activity involving the sexual abuse or exploitation of a minor. That Paragraph specifically states that this adjustment is, in part, "related to [defendant's] sexual abuse of and engaging in a sexual act with T.K. on multiple occasions." As Defendant received an upward adjustment with respect to his federal sentence relating to his sexual abuse of T.K., the state conviction in Paragraph 42 for commission of sexual abuse of T.K. is clearly relevant conduct with respect to that adjustment. It is nonsensical to conclude that the offense of conviction is taking pictures of sexual abuse, yet the sexual abuse itself is not relevant conduct.

18 U.S.C. § 3585(b) does not solve the problem. That provision provides that the Bureau of Prisons shall give credit for: (1) time spent in official detention "as a result of the offense for which the sentence was imposed;" and (2) "as a result of any other charge for which the defendant was arrested after commission of the offense for which the sentence was imposed." That provision does not address a discharged state sentence that is relevant conduct to the federal offense. Thus, the

4

Bureau of Prisons will not give Mr. Kingsbury credit for the time spent in state custody with respect to the offense set forth in Paragraph 42.

Accordingly, as Defendant does not believe that the Bureau of Prisons will credit time served for the offense set forth in Paragraph 42. Defendant believes it is necessary for this Court to provide that credit. The Court can certainly note in its Judgment that it has done so, so that the Bureau of Prisons does not provide Mr. Kingsbury with double credit.

The final question is how much time should be credited. Mr. Kingsbury was arrested for the state offense on June 7, 2023. *See* Ex. B (Criminal Complaint). He had his Initial Appearance on June 8, 2023, and the Court set bond at $10,000 cash only. *See* Ex. C (Initial Appearance Order). The docket reflects that Mr. Kingsbury never bonded out, and therefore remained in custody. *See* Ex. D (docket sheet). Mr. Kingsbury was sentenced on January 10, 2025, to two years imprisonment with credit for time served. *See* Ex. E (Judgment and Sentence). Paragraph 42 of the PSIR indicates that Mr. Kingsbury discharged his sentence on January 15, 2025. Counsel believes that

5

was the date that Mr. Kingsbury was received by IMCC and IMCC calculated his discharge date. Mr. Kingsbury's legal discharge date was May 4, 2024. *See* Ex. F (IDOC Discharge Notice). In other words, Mr. Kingsbury was in custody on the state sentence for longer than his actual imposed sentence.

Starting with an arrest date of June 7, 2023, the time served until actual discharge on January 15, 2025, would be 19 months and 8 days. The time served until legal discharge on May 4, 2024, would be 11 months and 27 days. Defendant requests that the Court reduce his otherwise applicable sentence by 19 months and 8 days to reflect the time spent in actual custody on the related state offense set forth in PSIR Paragraph 42.

## II. 18 U.S.C. § 3553(A) FACTORS

The statutory maximum on each Count is 20 years. (PSIR ¶ 66). The Guidelines recommend, based on a total offense level of 42 and a criminal history category of II, a guideline imprisonment range of 360 months to 480 months. (PSIR ¶ 67). For the reasons that will be

6

expressed at sentencing, Mr. Kingsbury requests that the Court impose a sentence of 360 months, and then vary downwards by 19 months and 8 days to reflect the sentence served with respect to the state conviction set forth in Paragraph 42.

## III. RESTITUTION

The Court will need to determine the appropriate amount of restitution to be imposed in this case.

First, six victims whose images were found on Mr. Kingsbury's cell phone have requested an award of restitution. Mr. Kingsbury does not contest that there was an image of each victim on his cell phone. Given his lack of current and anticipated future financial resources, Mr. Kingsbury requests that the Court impose restitution of the minimum amount $3,000 for each such victim submitting a claim. Mr. Kingsbury notes that the Government also recommends $3,000 for each such victim.

Second, there are claims for imposition of a special assessment pursuant to 18 U.S.C. § 3014 ("JVTA"). *See* PSIR ¶ 108. The JTVA

expired on September 30, 2025, and, to counsel's knowledge, has not been reauthorized by Congress. Accordingly, there is currently no statutory authority for this Court to impose any special assessment pursuant to the JVTA.

Third, there are claims for imposition of a special assessment pursuant to 18 U.S.C. § 2259A. *See* PSIR ¶ 109. In determining the amount of this assessment, the Court must consider the factors of 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. With respect to Count 1, the special assessment shall not be more than $35,000. With respect to Count 3, the special assessment shall not be more than $17,000.

Pursuant to § 3572, the Court has to consider several factors. First, and most importantly in this case, the Court is to consider "the defendant's income, earning capacity, and financial resources." 18 U.S.C. § 3752(a)(1). As reflected in the PSIR, Mr. Kingsbury has no current income. He has no assets.

With regard to his future earning capacity, Mr. Kingsbury will be serving a lengthy prison term. He will have minimal earnings working a prison job. Although he will be able to work after release from prison,

and still be young enough to work, it is unknown what type of employment he will be able to secure or at what wage. He does have a high school diploma. It is unlikely that his skills learned while in the Army (Stryker[1] systems maintenance) will be transferable to another job, although some skills may be transferable to automobile maintenance. He appears to have earned between $23,000 and $30,000 per year while in the Army.

Second, the Court has to consider the burden imposed upon the defendant and any person financially dependent upon the defendant. 18 U.S.C. § 3752(a)(2). There are no persons financially dependent upon Mr. Kingsbury. The burden upon Mr. Kingsbury is largely unknown, as it will depend on his ability to earn an income and living expenses after release from prison. After prison, the goal for Mr. Kingsbury will be rehabilitation on supervised release. A large financial obligation will likely hinder achievement of that goal.

Third, the Court considers "any pecuniary loss inflicted upon others as a result of the offense." 18 U.S.C. § 3752(a)(3). The Court

---

[1] A Stryker is an armored fighting vehicle.

does have information regarding losses to the six victims who made claims relating to their images being found on Mr. Kingsbury's cell phone. Those six victims will be awarded restitution under a different statutory provision. The Court does not have before it any evidence regarding pecuniary losses inflicted upon others.

Fourth, the Court considers any other restitution awarded. 18 U.S.C. § 3752(a)(4). It is expected that the six victims making claims will receive an award of $18,000 in total. That will be a financial obligation of Mr. Kingsbury while in prison and after his release from prison.

Fifth, the Court considers "the need to deprive the defendant of illegally obtained gains from the offense." 18 U.S.C. § 3752(a)(5). That is not a factor in this case.

Sixth, the Court considers costs to government of imprisonment and supervised release. 18 U.S.C. § 3752(a)(6). That factor is of limited, if any, significance here as, unlike a fine payable to the general treasury, any special assessment awarded under the statutory provision at issue will not be used to pay for such expenses.

10

The seventh (ability to pass expense of special assessment on to consumers or other persons) and eighth (if defendant is an organization) statutory factors are also not of relevance here.

Overall, Defendant requests that the Court impose a minimal amount for this special assessment.

Respectfully Submitted,

_____/s/ Webb L. Wassmer\_\_\_\_\_
Webb L. Wassmer
*Wassmer Law Office PLC*
5320 Winslow Road
Marion, IA 52302
Tele: (319) 210-4288
wassmerlaw@yahoo.com
Attorney for Defendant
Austin Kingsbury

CERTIFICATE OF SERVICE

I certify that on November 7, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Devra Hake, AUSA

**By: _____/s/ Webb Wassmer_____**
**Webb Wassmer**