# UNITED STATES DISTRICT COURT
## Northern District of Iowa

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**AUSTIN KINGSBURY** | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number: **0862 6:24CR02049-001**<br>)<br>) USM Number: **64588-511**<br>) |

■ **ORIGINAL JUDGMENT**
☐ **AMENDED JUDGMENT**
   Date of Most Recent Judgment:

**Webb L. Wassmer**
Defendant's Attorney

**THE DEFENDANT:**

■ pleaded guilty to count(s)   **1 and 3 of the Indictment filed on October 24, 2024**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) | Distribution of Child Pornography | June 2023 | 1 |
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession of Child Pornography | June 2023 | 3 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

■ Count(s)   **2 of the Indictment**   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**C.J. Williams, Chief Judge**
**United States District Court**
Name and Title of Judge

Signature of Judge

**November 14, 2025**
Date of Imposition of Judgment

November 14, 2025
Date

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

## PROBATION

☐ The defendant is hereby sentenced to probation for a term of:

## IMPRISONMENT

■ The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**460 months and 22 days. This term of imprisonment consists of a 240-month term imposed on Count 1 and 220-month and 22-day term imposed on Count 3 of the Indictment, to be served consecutively. The defendant's sentence has been adjusted and reduced by 19 months and 8 days to account for time the defendant served for the case set forth in paragraph 42 of the presentence report (Bremer County, Iowa, Case No. FECR011073), pursuant to 18 U.S.C. § 3553(a). It is ordered that the term of imprisonment for the instant offense be served consecutively to the undischarged term of imprisonment imposed for the case set forth in paragraph 43 of the presentence report (Bremer County, Iowa, Case No. FECR011564), pursuant to USSG §5G1.3(d).**

■ The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to a Bureau of Prisons facility as close to the defendant's family as possible, commensurate with the defendant's security and custody classification needs.**

**It is recommended that the defendant participate in the Bureau of Prisons' Sex Offender Management Program.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the United States Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

# SUPERVISED RELEASE

☒ Upon release from imprisonment, the defendant will be on supervised release for a term of:

**5 years. This term of supervised release consists of a 5-year term imposed on Count 1 and a 5-year term imposed on Count 3 of the Indictment, to be served concurrently.**

# MANDATORY CONDITIONS OF SUPERVISION

1) The defendant must not commit another federal, state, or local crime.

2) The defendant must not unlawfully possess a controlled substance.

3) The defendant must refrain from any unlawful use of a controlled substance.
The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future controlled substance abuse. *(Check, if applicable.)*

4) ☒ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*

5) ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

6) ☒ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted of a qualifying offense. *(Check, if applicable.)*

7) ☐ The defendant must participate in an approved program for domestic violence. *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245 B&C (Rev. 01/17) Judgment and Amended Judgment in a Criminal Case    (NOTE: For Amended Judgment, Identify Changes with Asterisks (*))

Judgment—Page 4 of 8

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the defendant's release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245 B&C (Rev. 01/17) Judgment and Amended Judgment in a Criminal Case      (NOTE: For Amended Judgment, Identify Changes with Asterisks (*))

Judgment—Page 5 of 8

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

1. **The defendant must not have contact during the defendant's term of supervision with the individual(s) set forth in paragraph 97 of the presentence report, in person or by a third party. This includes no direct or indirect contact by telephone, mail, email, or by any other means. The United States Probation Office may contact the aforementioned individual(s) to ensure the defendant's compliance with this condition.**

2. **The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

3. **The defendant must allow the United States Probation Office to install computer monitoring software on any computer [as defined in 18 U.S.C. § 1030(e)(1)] that is used by the defendant. To ensure compliance with the computer monitoring condition, the defendant must allow the United States Probation Office to conduct initial and periodic monitoring and inspections of any computers [as defined in 18 U.S.C. § 1030(e)(1)] subject to computer monitoring. This monitoring and said inspections will be conducted to determine whether the computer contains any prohibited data prior to the installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to monitoring and inspections pursuant to this condition.**

4. **The defendant must not knowingly view, possess, produce, or use any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials.**

5. **The defendant must not knowingly have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the United States Probation Office. The United States Probation Office may work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's biological and legally adopted children.**

*Continued on the following page.*

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

## SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

**6.** **The defendant must not knowingly be present at places where minor children under the age of 18 reside and must not knowingly be present at places where minor children under the age of 18 are congregated, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools, without the prior consent of the United States Probation Office.**

**7.** **The defendant must participate in a mental health evaluation, which may include an evaluation for sex offender treatment. The defendant must complete any recommended treatment program, and follow the rules and regulations of the treatment program. The defendant will be required to submit to periodic polygraph testing at the discretion of the United States Probation Office as a means to ensure that the defendant is in compliance with the requirements of the defendant's supervision or treatment program. The defendant must take all medications prescribed to the defendant by a licensed medical provider.**

**8.** **The defendant must pay any fine, restitution, costs, and/or assessment imposed by this judgment.**

**9.** **For as long as the defendant owes any fine, restitution, costs, and/or assessment imposed by this judgment, the defendant must provide the United States Probation Office with access to any requested financial information.**

**10.** **For as long as the defendant owes any fine, restitution, costs, and/or assessment imposed by this judgment, the defendant must not incur new credit charges or open additional lines of credit without the approval of the United States Probation Office unless the defendant is in compliance with the installment payment schedule.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them. Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

_____                    _____
Defendant                                                                                                                              Date

_____                    _____
United States Probation Officer/Designated Witness                                                          Date

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the following page.

| | **Assessment** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200 | $ 0 | $ 0 | $ 0 | $ 18,000 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**[3] | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Victim(s), the amount(s) of restitution, and the priority or percentage are listed in an Appendix to this Judgment that has been filed under seal** | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the following page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ■ the interest requirement is waived for the ☐ fine ■ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1]Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2]Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.
[3]Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **AUSTIN KINGSBURY**
CASE NUMBER: **0862 6:24CR02049-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ $ **18,200** due immediately;

☐ not later than _____ , or
☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that $100 of the defendant's restitution obligation is payable immediately and the balance is due immediately in accordance with the following payment plan. If any of the defendant's court ordered financial obligations are still owed while the defendant is incarcerated, the defendant must make monthly payments in accordance with the Bureau of Prisons Financial Responsibility Program. The amount of the monthly payments will not exceed 50% of the funds available to the defendant through institution or non-institution (community) resources and will be at least $25 per quarter. If the defendant still owes any portion of the financial obligations at the time of release from imprisonment, the defendant must pay it as a condition of supervision and the United States Probation Office will pursue collection of the amount due pursuant to a payment schedule approved by the Court. The defendant must notify the United States Attorney for the Northern District of Iowa within 30 days of any change of the defendant's mailing or residence address that occurs while any portion of the financial obligations remains unpaid.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant must pay the cost of prosecution.
☐ The defendant must pay the following court cost(s):
☐ The defendant must forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.